**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| RAVI PRASAD SAPKOTA, | No. 09-72405 |
| Petitioner, | Agency No. A088-223-500 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General of the United States, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 9, 2012
San Francisco, California

Before: BERZON and KLEINFELD, Circuit Judges, and SMITH, District Judge.**

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable William E. Smith, District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

Ravi Prasad Sapkota petitions for a review of the decision of the Board of Immigration Appeals (BIA) denying his application for asylum. We review questions of law *de novo* and the BIA's factual findings, including whether an applicant was persecuted on account of his "political opinion," for substantial evidence. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Under the substantial evidence standard, the Court must uphold the BIA's findings unless "the evidence [the applicant] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84.

To be eligible for asylum, Sapkota must establish that he suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). In order to demonstrate past persecution, an applicant must show:

> (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control.

*Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1016 (9th Cir. 2011) (quoting *Mengstu v. Holder*, 560 F.3d 1055, 1058 (9th Cir. 2009)).

Sapkota failed to establish that he was harmed "on account of" his political opposition to the Communist Party of Nepal (Maoists). Under the REAL ID Act of 2005, an asylum applicant must show that the protected activity was "at least one central reason" in the minds of the persecutors for attacking the applicant. 8 U.S.C. § 1158(b)(1)(B)(i); *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). "[A] motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist." *Parussimova*, 555 F.3d at 741. The applicant need not show that the protected ground was the only reason, or even the most important reason, for the persecution. *Id*. at 740 ("[Federal law] does not require that [a protected ground] account for 51% of the persecutors' motivation."). The evidence suggests that Sapkota was, at bottom, the victim of a common extortion scheme and not the victim of persecution on a protected ground, even though the Maoists were aware of his political activities.

The letter from the Maoists demanding money stated that every Nepali person would be expected to contribute to the Maoists. This letter significantly weakens Sapkota's argument that he was targeted because of his political opinion, as it demonstrates that the Maoists' purpose was to collect money, not to persecute opponents. Moreover, as the Maoists were seeking money and Sapkota was an

owner of a business, their supposition that Sapkota had the means to provide funds was likely the reason that he was originally targeted.

As the BIA recognized, Sapkota did present some evidence that the Maoists were aware of his political opinion. But that evidence does not pertain to the original request for money, and the failure to contribute was given as a reason at the time of the beating. From all indications, had Sapkota paid the money requested, he would not have been beaten. Therefore, the evidence does not compel us to conclude that Sapkota was attacked on account of his political opinion.

Similarly, Sapkota has not established that he has a well-founded fear of future persecution. The well-founded fear test includes both subjective and objective components. *See I.N.S. v. Cardoza-Fonseca*, 480 U.S. 421, 430–31 (1987). No one doubts Sapkota's subjective fear of returning to Nepal; however, he has not shown that his fear of persecution on account of his political opinion is objectively reasonable. Substantial evidence supports the BIA's conclusion that the Maoists were a violent organization, but largely did not single out those with opposing political opinions. Therefore, even if Sapkota does have a well-founded

4

fear of danger from the Maoists if returned to Nepal, it is not on account of a protected ground, and, thus, cannot serve as the basis of an asylum claim.

Sapkota did not address the BIA's denial of his applications for withholding of removal under Section 241(b)(3) of the Immigration and Nationality Act and relief under the Convention Against Torture, or the BIA's denial of his motion to remand the application to the Immigration Judge. Those issues are therefore waived.

**Petition DENIED.**